STATE OF MINNESOTA *vs.* JOHN J. PENNER and another, Executors.

October 9, 1880.

**Return of Sheriff is Conclusive upon him and his Representatives.**—The return of a sheriff to a writ of attachment is conclusive upon him as to the truth of all matters stated in it, concerning which it was his duty to make a return, so far as to estop him from contradicting the same in any action between him and the attaching creditor, involving the question of his liability to such creditor in respect to property attached under the writ, or its proceeds. The legal representatives of the sheriff, in case of his decease, are affected by the same rule.

In an action brought by the state against the Pine City Lumber Company, a writ of attachment was issued and delivered to one J. C. Becht, who was then sheriff of Ramsey county, who, by virtue thereof, on January 17, 1877, levied upon and took into his possession a quantity of lumber and other personal property belonging to the company. On February 26, 1877, an execution against the lumber company on a judgment in favor of one Merriam was placed in the hands of Becht as sheriff, who levied such execution on the same property before attached by him. The state having recovered judgment in its action against the lumber company, execution was issued thereon, and placed in the hands of Becht, as sher-

iff, on January 28, 1878. On the same day he made return to the writ of attachment as follows: "I certify and return that I have, on the 17th day of January, 1877, by virtue of within writ of attachment, levied upon and attached as the property of the Pine City Lumber Company, the following described personal property, (describing it fully.) John C. Becht, sheriff of Ramsey county." On February 5, 1878, Becht, as sheriff, under the execution in favor of Merriam, sold the property attached and levied on, and paid over the amount realized, less his fees, to Merriam's attorneys, and on February 13, 1878, returned that execution satisfied to that extent.

Becht having afterwards died, the state presented to the commissioners on his estate a claim for the money so paid over by him on the Merriam execution. The claim was allowed, and Becht's executors appealed to the district court for Ramsey county. At the trial in that court, before *Wilkin*, J., the plaintiff proved the facts above set forth, and also an endorsement in Becht's handwriting on the execution in favor of the state, as follows: "Received for service January 28, 1878, John C. Becht, sheriff of Ramsey Co., Minn." The plaintiff then put in evidence (under objection and exception) an endorsement on the execution, in the handwriting of one of Becht's deputies since deceased, but not signed: "I John C. Becht, sheriff of Ramsey county, do hereby certify that under and by virtue of a writ of attachment duly issued and to me delivered in the within-entitled action, on the 17th day of January, 1877, I did attach and levy upon, as the property of the within-named defendant, the Pine City Lumber Company, the following described personal property." [Here follows a description of the property identical with that in the return to the writ of attachment.] "I further certify that I have received the within execution on the 28th day of January, 1878, and that under and by virtue of the said execution I now hold and retain my levy on said property and all my rights acquired therein by virtue of said writ of attachment."

The plaintiff having rested its case, the defendant offered to prove that in December, 1877, the attorney general, with full notice of the levy and intended sale under the Merriam execution, notified the sheriff that the levy and lien under the attachment of the state were abandoned, released and waived by the state; and that the sheriff, relying on such notice, thereupon proceeded to sell under the Merriam execution and to pay over the proceeds to Merriam's attorneys. The proof offered was excluded on plaintiff's objection, as incompetent and immaterial, and thereupon the court instructed the jury to return a verdict for the plaintiff. A new trial was refused, and the defendants appealed.

*H. J. Horn,* for appellants.

The order or notification, offered to be proved, given to the sheriff by the attorney general—the attorney of record for the state—directing or notifying him to abandon or release the levy or that it had been abandoned or released, would, when acted on by the sheriff, operate as an abandonment of the levy, or, at least, would postpone the lien of the state to that of Merriam, the junior lien creditor. Freeman on Executions, § 271; *Ross* v. *Weber,* 26 Ill. 221; *Truitt* v. *Ludwig,* 25 Pa. St. 145; *Kaufelt's Appeal,* 9 Watts, 334; *Eberle* v. *Mayer,* 1 Rawle, 366; *Kellogg* v. *Griffin,* 17 John. 273; *Knower* v. *Barnard,* 5 Hill, 377; *Michie* v. *Planters' Bank,* 4 How. (Miss.) 130; *Wise* v. *Darby,* 9 Mo. 131; *Lowick* v. *Crowder,* 8 B. & C. 132.

The effect of a sheriff's return upon his writ is held by this court to be conclusive upon parties and privies, and *prima facie* upon strangers, and not liable to impeachment, *except* in *direct* proceedings to which the officer is a party. *Tullis* v. *Brawley,* 3 Minn. 277. See, also, *Browning* v. *Hanford,* 7 Hill, 120; *Whitehead* v. *Keyes,* 3 Allen, 495. To a certain extent the return becomes part of the record of the suit, and so far concludes parties and privies for that reason. The sheriff, however, is not a party to the record, and when he is concluded it is by way of estoppel. Crocker on Sheriffs, § 46;

Bigelow on Estoppel, 495; 2 Greenl. Ev. § 587; *Stimson* v. *Farnham*, Law Rep. 7 Q. B. 175. It is therefore held that his return showing the receipt of money on an execution will conclude him as to the fact that the money was paid to him, but not from showing the execution creditor is not legally or equitably entitled to it. 2 Greenl. Ev. § 588. He may show that another than the execution creditor is entitled to the money, as owner of the goods sold, or assignee in bankruptcy of the debtor, or as a prior lien creditor, or as a junior execution creditor who has obtained priority by matter *in pais*, as by the laches or the direct act of the senior creditor. And the sheriff would be obliged to pay the money to a creditor who was in fact entitled to it, of whose rights he had notice, and could not be held liable for paying it to the person entitled to it. Unless directed otherwise by the court, the sheriff must make the distribution, and, in doing so, can only be liable in case he pays to a person not entitled to receive the money. Freeman on Executions, § 446; Crocker on Sheriffs, § 424; *Newland* v. *Baker*, 21 Wend. 264; *Stimson* v. *Farnham*, Law Rep. 7 Q. B. 175; *Learned's Adm'x* v. *Bryant*, 13 Mass. 223; *Ross* v. *Weber*, 26 Ill. 221; *Brydges* v. *Walford*, 6 Maule & Sel. 39; *Fuller* v. *Holden*, 4 Mass. 498; *Canada* v. *Southwick*, 16 Pick. 556; *Chapman* v. *Smith*, 16 How. 114. To conclude the sheriff, therefore, by his return, it must have contained a statement of fact upon which the state has relied and so acted that it will be prejudiced if the sheriff is allowed to deny the truth of the statement. Bigelow on Estoppel, 495; *Stimson* v. *Farnham*, Law Rep. 7 Q. B. 175; *Barker* v. *Benninger*, 14 N. Y. 270; *Dezell* v. *Odell*, 3 Hill, 215; *Caldwell* v. *Augur*, 4 Minn. 156 (217;) *Castner* v. *Symonds*, 1 Minn. 310 (427;) *Com'rs of Hennepin Co.* v. *Robinson*, 16 Minn. 381; *Northern Line Packet Co.* v. *Platt*, 22 Minn. 413. But in this case there is no proof showing that the state relied or acted on the return; and the fact that the return was filed after the money is paid is proof presumptive, at least, that the state did not rely on it.

Upon the facts offered to be proved, the state would be estopped, having notified the sheriff of the release and abandonment of the attachment levy, and the sheriff and Merriam having both acted on this statement of the state, in the sale and the payment and receipt of the money.   *Com.* v. *Andre,* 3 Pick. 224; *Carver* v. *Astor,* 4 Pet. 1, 87; *Branson* v. *Wirth,* 17 Wall. 32, 42; *Nieto* v. *Carpenter,* 7 Cal. 527; *Magee* v. *Hallett,* 22 Ala. 699; *St. Paul, S. & T. F. R. Co.* v. *First Div., etc., R. Co.,* 26 Minn. 31; Bigelow on Estoppel, 262, 263.   As to the effect of instructions by plaintiff's attorney to the sheriff, see *Rice* v. *Wilkins,* 21 Me. 558; *Stevens* v. *Colby,* 46 N. H. 163; *Simmons* v. *White,* 21 La. An. 590; *Willard* v. *Goodrich,* 31 Vt. 597; *Strong* v. *Bradley,* 13 Vt. 9; *Waterman* v. *Merrill,* 33 N. J. Law, 378.

The return on the attachment does not show that the levy continued in force, or that it was in force at the time of the sale, or when the money was paid over, or that it ever was a prior lien.   The return merely shows that the attachment was levied on January 17, 1877.   It does not assert that the property continued in the sheriff's custody, or that the levy remained in force, or that anything further was done under it.   Gen. St. 1878, c. 66, § 159, relied on by plaintiff, provides that "when the writ of attachment is fully executed or discharged, the sheriff shall return the same, with his proceedings thereon, to the court in which the action was brought." The omission to state the fact of the discharge (if there was one) could not create an estoppel.   The subsequent discharge of the levy could not, in the nature of things, affect the truth of the statement that a levy had been made on a certain day; nor could the state claim that it relied on any presumption that the levy was in force, by reason of the omission to note the discharge on the return; for (1) the state did not rely or act upon the return at all; and (2) the state knew or had notice of the fact of the discharge, it being the state's own act, and was therefore neither misled nor deceived.   Bigelow on Estoppel, 467.   And if any such presumption was raised

by the omission to mention the discharge in the return, it would not be conclusive, but could be rebutted. *First Nat. Bank* v. *Rogers,* 15 Minn. 381.

*Geo. P. Wilson,* Attorney General, for the state.

CORNELL, J. The return of a sheriff to a writ of attachment against the property of a debtor defendant is his official "answer under oath respecting the duty enjoined upon him by the writ, and is intended to inform the court of what has been done in the premises." *Browning* v. *Hanford,* 7 Hill, 120. Upon being made and filed, it becomes a part of the record in the action, and partakes of its nature, in that it imports absolute verity as to every statement of fact contained in it, concerning which it is his duty therein to speak. Hence, so long as it remains a part of the record, it cannot, as to any such statement, be controverted or questioned, in the action wherein it is made, by any of the parties thereto or their privies, for the purpose of invalidating the proceedings of the officer, or affecting any rights dependent thereon. *Brown* v. *Davis,* 9 N. H. 76. And because it thus affects and concludes the rights of the parties in the action, the sheriff is, as a general rule, in any controversy arising between him and any of said parties or their privies, estopped from denying the truth of his return as to all matters material to be returned. *Baker* v. *McDuffie,* 23 Wend. 289; Drake on Att. § 204; Crocker on Sheriffs, §§ 44, 46. If his return is erroneous in respect to any matter of fact therein stated, his remedy is to get it amended in accordance with the facts, upon application to the court and leave granted. To permit him to relieve himself from all responsibility to the parties for its correctness by proving its falsity, while it is allowed to stand uncorrected of record, and binding upon them, would be manifestly inequitable and unjust.

By the statute it is made the duty of a sheriff, whenever any such writ which has been placed in his hands for service is fully executed or discharged, to return the same, with his proceedings thereon, to the court in which the action

was brought. Gen. St. 1866, *c.* 66, § 142, (Gen. St. 1878, *c.* 66, § 159.) This contemplates a complete return of all his proceedings and doings under the writ, so·far as they come within the scope of his official duties. In construing the return, when made, it is to be presumed, in the absence of a contrary showing upon its face, that the officer has done all that was required of him, both in the execution of the process and in the making of the return thereto. If, prior to his return, property has been attached, and subsequently released by a discharge of the writ, or otherwise, both those facts are required to be noted in the return. If the former only is stated and certified to, the presumption is that the officer continued to hold the property down to the time the return was made, as security for the satisfaction of whatever judgment might be recovered in the action by the attaching creditor, for that was the duty enjoined upon him by the writ under the statute. Gen. St. 1866, *c.* 66, §§ 128–132, (Gen. St. 1878, *c.* 66, §§ 145–149.) Proof of a release or discharge in such a case would directly contradict the legal effect of the officer's return in respect to a matter material for him to return fully and correctly, and hence is inadmissible in his favor as against a party to the action whose rights are affected by the return as made.

In the case at bar the return to the writ was made and filed in court on the 28th day of February, 1878. In it the sheriff certified officially that on the 17th day of January, 1877, he did, by virtue of said writ, levy upon and attach certain personal property therein described, and this comprises the whole of the return. Construed according to its legal effect, it showed a valid and subsisting levy remaining in force from the time it was made to the time when the return was filed, and that the levy had not then become dormant, nor in any way released or discharged. The trial court, therefore, rightly ruled that the defendants, as the legal representatives of the deceased sheriff, were estopped from asserting, as against the attaching creditor, the existence of

any facts tending to show any release or abandonment of such levy prior to the date of the return.

The return which was endorsed upon the execution in favor of the state against the Pine City Lumber Company was competent evidence. That the execution had been received by Sheriff Becht appeared from the endorsement thereon, signed by himself, showing its receipt by him on the 28th of January, 1878. The return was shown to be in the handwriting of his deputy, the one who had charge of the sheriff's office at the time of Becht's decease, and who subsequently turned over to his successor the papers belonging thereto, including the execution in question. The return was thus sufficiently authenticated as the official act of the sheriff to authorize its receipt in evidence. It recites the fact that the execution was received by the sheriff January 28, 1878, and that he then, by virtue of such execution, held and retained his levy upon the property theretofore made under the writ of attachment, and all rights acquired therein by virtue of said writ. This was all the levy under the execution that was required in such a case by the statute, (Gen. St. 1878, c. 66, § 301,) for the property was already in the custody of the officer, and it was subject to the lien of the judgment.

The fact that when the writ of attachment in question was issued another one was also issued to another county, without any new or additional bond and affidavit, does not affect the validity of the former, even if it is conceded that the latter was irregularly issued. Upon the uncontroverted facts disclosed by the evidence, the court rightly instructed the jury to render a verdict for the plaintiff, and its refusal to give the requests asked by the defendants was not error.

Order denying a new trial affirmed.