James Sullivan *vs.* William H. Weibeler and another.

Same *vs.* Samuel Bowler and another.

May 12, 1887.

**Appeal—Stay of Proceedings—Order Denying Injunction.**—A stay of proceedings until a motion for an injunction may be heard and determined, is not revived nor continued by an appeal, with a stay-bond, from the order denying the injunction.

The plaintiff, as treasurer of Scott county, brought these actions in the district court for that county, to recover damages alleged to have been sustained by reason of the appeals taken by the defendants Weibeler and Bowler from orders denying their applications for injunctions in actions brought by them to restrain the plaintiff from proceeding to collect personal taxes. (See *Weibeler* v. *Sullivan*, 34 Minn. 317.) The plaintiff appeals from orders by *Edson*, J., sustaining demurrers to the complaints.

*James McHale* and *E. Southworth*, for appellant, in each case.

*R. A. & F. C. Irwin*, for respondents, in each case.

Gilfillan, C. J. The defendants Bowler and Weibeler each commenced an action in the district court against the plaintiff, who was treasurer of Scott county, to restrain the collection by him of personal taxes assessed against them. In each action the plaintiff in it gave notice of a motion for an injunction pending the action, and at the same time procured an order staying all proceedings for the collection of such taxes until after the hearing and determination of such motion. The motion was heard and denied May 10, 1884, and on the 13th the plaintiff in each action took an appeal from the order denying the motion, and gave the proper bond for a stay of proceedings on the order. Subsequently the order appealed from in one case was affirmed, and the appeal in the other dismissed, and the proper judgments were entered in this court.

These actions are upon the appeal-bonds, to recover the damages sustained by the appeals. The only damages alleged in the complaints are that by the appeals this plaintiff was prevented from col-

lecting the taxes until after the time prescribed by law for him to collect them. This allegation is on the theory that the stay of proceedings to collect the taxes, which, by the terms of the order granting it, expired when the motion for an injunction was determined, was revived by the appeal, and the stay-bond given upon it. In this the plaintiff mistakes. The order staying proceedings to collect the taxes was manifestly intended to have only a temporary operation, —to give the district court time to determine whether the plaintiffs in those actions were entitled to have the proceedings to collect enjoined pending the actions, and not intended to be operative after the motions for injunctions were determined, however they might be decided, whether granted or denied. The stay did not cease because the court denied the motion, but because, by the terms of the order granting it, it was to continue only till the motions were determined. The matter of the stay not being involved in the motions, it was not affected by the appeals, nor by the stay-bonds given. As soon as the stay ceased, the treasurer might have gone on to collect the taxes.

Orders affirmed.