RYAN DRUG COMPANY *vs.* JOSEPH PEACOCK.

May 13, 1889.

**Admission in Pleading—Effect.**—If a particular fact be admitted by the pleadings, one party cannot claim that the other is estopped to prove it. Thus, where it was admitted that the defendant, the sheriff, had restored to the defendant in a writ of attachment, after it was dissolved, the property levied on, the plaintiff, who was also the plaintiff in the writ, cannot claim that the defendant is estopped because the fact is not stated in the return on the writ.

**Attachment—Dissolution—Duty of Officer.**—Upon the dissolution of a writ of attachment, the officer is not bound to retain the property to enable the plaintiff to appeal from the order dissolving it, and give a stay-bond.

Appeal by plaintiff from a judgment of the district court for Pope county, where the action was tried by *Baxter*, J., a jury being waived.

*Wm. C. Bicknell*, for appellant.

*Chas. P. Reeves*, for respondent.

GILFILLAN, C. J.    Appeal from a judgment in favor of defendant upon a trial by the court without a jury.    The action was against the defendant, sheriff of the county of Pope, for failure to make the money upon an execution upon a judgment of the district court in favor of this plaintiff against a firm styled "Christianson & Hagen," out of their personal property, which prior to the judgment he had levied upon under a writ of attachment issued in the action.    The facts found by the court below, so far as is necessary to state them in order to present the points made by the appellant, are these: The action against Christianson & Hagen was commenced February 4, 1886.    February 5th the writ of attachment was issued and delivered to this defendant, then sheriff, and on the same day was levied on the property.    March 6th the writ was set aside by the district court.    March 9th this defendant delivered the attached property to the defendants in the writ on their demand, and on their serving on him the order setting aside the writ.    April 19th the plaintiff appealed from said order, filing a bond for a stay, and on December 11th following the order

was reversed by this court. June 21, 1886, judgment was recovered in said action in favor of plaintiff, and against Christianson & Hagen. February 3, 1887, execution on the judgment was issued to this defendant, still sheriff, and by him, on May 2, 1887, was returned wholly unsatisfied.

Two points are made by appellant: *First,* the sheriff is estopped by his return on the writ of attachment from asserting that he returned the property to the defendants. The return indorsed by him on the writ, and by him filed with it, on August 27, 1886, certifies to the levy of the writ on the property, but does not mention what further was done. *Second,* the sheriff was not justified in returning the property on the 9th day of March.

As to the first of these points, the court held in *State* v. *Penner,* 27 Minn. 269, (6 N. W. Rep. 790,) that a sheriff is, as a general rule, in any controversy arising between him and any of the parties to the action or their privies, estopped from denying the truth of his return as to all matters material to be returned. But the plaintiff cannot now take advantage of the estoppel, because the fact as to which it is now sought to be interposed is alleged in the answer and admitted by the reply, and therefore not in issue in the action. Had the reply put it in issue, then, upon defendant's offer to prove it, the objection might have been made that it could be proved only by the return; and thereupon, unless the defendant should get leave of the court to amend, and should amend his return according to the truth, *nunc pro tunc,* he would have no competent evidence to prove the fact. But when a fact is admitted by the pleadings the competency of evidence to prove it is not in question.

As to what is the duty of the sheriff in respect to the attached property upon the dissolution of the attachment, Drake, Attachm. § 426, states the general rule that "the special property of the officer in the attached effects is at an end, and he is bound to restore them to the defendant, if he is still the owner of them, or, if not, to the owner." This is certainly the logical rule, for, the writ being his only authority for keeping the property from the owner, such authority is gone when the writ is dissolved. It is true that under our practice the plaintiff may, by appealing from the order dissolving the writ

and giving the bond for a stay, suspend the operation of the order, and that such suspension will relate back to the date of the order, so that, if the officer still has the property, his right to hold it is restored; and it may also be, as between the parties to the writ, that, if between the date of the order and the appeal with a stay the sheriff has returned the property to the defendant, the appeal and stay reinstates the lien so that the plaintiff may require the sheriff to retake the property. Neither of these, however, is this case. Here the question is, is it the duty of the sheriff to retain the property after the dissolution of the writ, which is his only warrant for holding it, to enable the plaintiff to determine whether he will appeal, and to perfect the appeal and stay, if he decides to take that course? The statute is silent on the point. If it be his duty to still hold the property, for how long must he hold it? Some authorities suggest that he should hold it for a reasonable time. But who is to determine what is a reasonable time? If that be the rule, the officer will be liable to the plaintiff in case he return the property to the defendant before the end of a reasonable time, and to the defendant in case he refuse to return it on demand after such reasonable time. The position of the officer would be a hard one if he must take the risk of the court or jury trying the action against him agreeing with him as to what is a reasonable time. We think it is for the plaintiff, and not the sheriff, to do what may be necessary to preserve the interests of the former in case of a dissolution of the writ. This he may do by procuring and serving on the officer an order directing him, in case the writ shall be dissolved, to retain the property, or staying the operation of the order dissolving in case it shall be made.

Judgment affirmed.