STATE OF MINNESOTA *vs.* DULUTH STREET RAILWAY COMPANY.

November 19, 1891.

**Order Dissolving Injunction — Effect of Appeal with Stay-Bond.** — An appeal, with the stay provided in Gen. St. 1878, c. 86, § 10, from an order dissolving an injunction, suspends the operation of the order dissolving, and the injunction remains in force.

**Same—Injunction granted ex Parte.**—It does not affect this that the injunction issued on an order granted *ex parte*.

After the appeal taken from the order dissolving the *ex parte* injunction, as stated in the opinion, the defendant, the Duluth Street Railway Company, entered upon the premises of Richardson, the plaintiff in the action, and, with a large force of men, proceeded to construct thereon a road-bed for its electric street railway. The plaintiff thereupon procured an order to show cause why the defend-

ant should not be punished for contempt for violating the injunction. At the hearing, before *Mills*, J., the defendant moved that the order be discharged for want of jurisdiction. The motion was denied, a hearing had, and the defendant adjudged to be in contempt and to pay a fine of $50. The defendant thereupon brought the proceedings to this court by *certiorari*.

*Wm. W. Billson*, for appellant.

*R. R. Briggs*, for respondent.

GILFILLAN, C. J.   One Richardson brought an action in the district court in the eleventh district against the Duluth Street Railway Company, and at the commencement of the action procured from a judge of the court an *ex parte* order for an injunction against the defendant, and the injunction was issued and served, and the defendant thereupon procured an order to show cause why the injunction should not be vacated, returnable before the court, and on its return the court made an order vacating and dissolving the injunction. From this order the plaintiff in the action appealed to this court, and executed and filed the proper stay-bond, as provided in Gen. St. 1878, c. 86, § 10.

The only question brought here by this proceeding is, what was the effect of the appeal and stay upon the order vacating the injunction? Did it suspend the operation of that order, so as to leave the injunction in force? This must be determined by the statute. Section 10 provides: "Such appeal, when taken from an order, shall stay all proceedings thereon, and *save all rights affected thereby*," if the appellant shall execute the bond required. No class of orders from which appeal is allowed is excepted from this provision. Whether, because of the possible hardship in some cases to the party procuring an order from the suspension of its operation, any class of orders ought to be excepted from the provision, is for the legislature, and not for the court, to say. There is no room in the statute for the distinction suggested by the relator, between what might be termed "active orders," or those contemplating or directing something to be done to make them effectual, and what the counsel designates "passive orders," which of themselves, and without anything further, effect the desired end. Perhaps that distinction might

be claimed if the statute stopped with the clause, "shall stay all proceedings thereon." But those words, with the words, "and save all rights affected thereby," show more than the intent to merely arrest affirmative action on the order; show the intent that the order, when appealed from and stayed, shall not affect any rights,—in other words, that it shall be inoperative pending the appeal. In this case the right affected by the order was the right to the continuance and operation of the injunction. The appeal and stay saved that right so that it continued, notwithstanding the order appealed from.

It is also claimed that an *ex parte* order for an injunction is in its character only a temporary restraining order to continue only until otherwise ordered, or until both parties can be heard. In *Sullivan* v. *Weibeler*, 37 Minn. 10, (32 N. W. Rep. 787,) where the order by its terms was to continue only until the hearing and determination of a motion for an injunction, it was held that the order did not cease because the court denied the motion for an injunction, but because by its terms it was to continue only till a determination of the motion, however it might be determined; and that its operation was not affected by the terms of the order denying the motion, and not saved by an appeal from that order with a stay. The *ex parte* order for the injunction in this case was not so limited by its terms. The injunction continued until it was dissolved by the order appealed from, and it ceased because so dissolved. The right to it was affected, not because the motion to dissolve was determined, but because it was granted. The order dissolving it operated directly on the right to it. To hold that an *ex parte* order is temporary, and to continue only till a hearing, though it is not so by its terms, would be to hold, in effect, that the court or judge cannot grant *ex parte* any but temporary orders,—orders to continue only till a hearing. It might be better to have that the rule, but there is no warrant in the statute for claiming that it is so.

The order removed here by *certiorari* is affirmed.

MITCHELL, J., (*dissenting*.) According to the opinion of the court, although a plaintiff's papers are so insufficient on their face or so false in their allegations that, if he should apply on notice for an

injunction, any court would, on a hearing, promptly refuse to grant one, yet, if he can find anywhere in the state a judge or court commissioner who will improvidently grant one *ex parte*, which the court on the first and only hearing ever had dissolves, he can by appealing and filing a bond make the *ex parte* injunction impervious to all judicial interference until the appeal is determined in this court. I cannot believe that the statute was ever intended to thus permit the trial court to be deprived of its discretion, (which is really never exercised at all until the hearing on the motion to dissolve,) and the opposite party to be thus tricked out of his rights without a hearing, leaving him no redress except an action on the *supersedeas* bond for damages, which are often incapable of measurement. Such a result is so unjust, and so utterly inconsistent with all known rules of equity practice, that no court should adopt such a construction unless absolutely shut up to it by the clear and unequivocal language of the statute. Considering the nature and office of an injunction *pendente lite,* and the former equity rules on the subject, I think it may well admit of doubt whether the phrase, "and save all rights affected thereby," was intended in any case to have the effect of reviving or continuing in force an injunction after an order dissolving it. But, however that may be, I am of opinion that an *ex parte* injunction, in whatever form and however worded, does not differ in character or legal *status* from a temporary restraining order, such as was issued in *Sullivan* v. *Weibeler, supra,* expressly conditioned to continue only until otherwise ordered by the court, or until a hearing can be had. No court ever held that an *ex parte* injunction could be issued without an implied right of the opposite party to a review upon a hearing upon counter-affidavits or otherwise. In the case of a temporary restraining order, the express reservation of control over it or limitation upon its duration is no more unmistakable than that which is implied in the case of an *ex parte* injunction from its very nature and purpose. The hearing upon the motion to dissolve an *ex parte* injunction is the first hearing ever had in the matter, and, while the order made may be in form one dissolving, it is essentially one refusing to grant, an injunction, and the legal *status* of the matter is, in effect, the same. I do not think that this view is assum-

ing any unwarranted liberty with the language of the statute. Nothing is more common in the construction of statutes than, under certain circumstances, to ingraft upon general language implied limitations and exceptions. We have a notable instance of this in our construction of this very statute relating to appeals. The general doctrine of this court is that no appeal will lie directly from orders or judgments made or rendered *ex parte* or on default, but that a party must first apply to the district court for relief. No such limitation or exception is to be found in the language of the statute, but is implied on the common-sense idea that it could not have been intended to grant a right of appeal on a matter upon which there never has been a hearing, and upon which the court below has never in fact exercised its judgment.

I am authorized to say that Justice Collins concurs with me in these views, and joins in this dissent.