STATE ex rel. J. D. LEARY and Another v. DISTRICT COURT OF MOWER COUNTY.

January 12, 1900.

Nos. 11,963—(221).

**Appeal—Order Dissolving Injunction.**

An appeal from an order dissolving a temporary writ of injunction, if a proper supersedeas bond be given, operates to revive and continue the writ in force pending the appeal. State v. Duluth St. Ry. Co., 47 Minn. 369, followed.

**Same—Additional Parties Defendant—New Bond.**

In actions where a writ of injunction has been allowed and issued, and subsequent to the issuance of the writ third persons are, by order of the court, brought in, and made parties defendant, the failure of the court to require a new bond to be given, running to the new defendants, is, at most, but an irregularity, which can only be taken advantage of by motion to dissolve the writ. Upon being served with such writ of injunction, the new defendants become bound thereby, and must obey its commands.

Writ of certiorari issued out of the supreme court to review an order of the district court for Mower county, Kingsley, J., adjudging relators guilty of contempt. Writ quashed.

*J. M. Greenman, R. J. Dowdall,* and *Russell, Cray & Jamison,* for relators.

*Lafayette French,* for respondent.

BROWN, J.

In proceedings in the court below, relators were adjudged guilty of contempt of court for the violation of a temporary writ of injunction, and bring such proceedings before this court for review by writ of certiorari.

On October 20, 1899, an action was commenced in the district court of said Mower county by the Austin Electric Company, a corporation, against the city of Austin, and the mayor, recorder, and treasurer thereof, to enjoin and restrain the city from carrying out certain contracts it had made for the construction and equipment of an electric light plant, and from paying therefor. Upon the presentation of the summons and complaint in such action, the district court of such county, on application of plaintiff therein, duly ordered that a temporary writ of injunction issue as prayed for in the complaint. Pursuant to this order, a temporary writ was issued restraining and enjoining the defendant city, its officers and agents, from doing the threatened acts, "until the further order of this court." Prior to the issuance of the writ the usual bond was executed, approved, and filed as required by law. On October 23, 1899, and before any of the defendants had appeared in the action, the court, on application of the plaintiff, made an order making the relators herein, W. I. Gray and the Twin City Iron Works, parties defendant in the action. All papers and proceedings in the action, with the exception of the bond, were amended accordingly, and subsequently served upon the new parties. Thereafter all the defendants appeared, answered jointly, denying the equities of the complaint, and upon the complaint and such answer moved the court for an order dissolving the temporary injunction. The court made an order granting the motion, and plaintiff appealed therefrom to this court, filing a proper supersedeas bond. Notwithstanding such appeal, the relators proceeded with the work prohibited and enjoined by the temporary writ, and in proper proceedings they were adjudged guilty of contempt of court, and sentenced to pay a fine. To review such contempt proceedings they sued out this writ of certiorari.

It is claimed in their behalf that the order adjudging them guilty of contempt of court was erroneous for the reasons: (1) That the

78 M.—30

temporary writ of injunction was absolutely terminated by the order dissolving it, and was not in force at the time the acts complained of were committed; (2) that plaintiff permitted and allowed the writ to terminate by failing to procure from the court below an order staying proceedings, on the order dissolving it until an appeal therefrom was perfected; and (3) that the writ was at no time in force as to them, because no new bond was filed after they had been made defendants in the action, and as to them there was no bond at all.

1. The majority of the court are of the opinion that the question whether the writ of injunction was revived and continued in force by the appeal from the order dissolving it is the same as that presented in the case of State v. Duluth St. Ry. Co., 47 Minn. 369, 50 N. W. 332, and that this case, in so far as that question is concerned, is controlled by that decision. A majority of the court are also of the opinion that the decision in that case is unsound, and has had the effect of driving the temporary writ of injunction out of use in this state, and to substitute in its place a temporary restraining order, between which there is no logical distinction, but that, out of respect for the rule of stare decisis, it should be followed and adhered to.

The contention on the part of the relators is that the writ involved in the Duluth case is essentially different from the one involved in this case, and that the decision there made has no application here. The writ issued in this case restrains the defendants "until the further order of this court," but this limitation does not appear in the writ in the Duluth case. And herein lies the distinction contended for by relators. We hold that there is no substantial difference between the writs, and that the cases cannot, in sound logic or reason, be distinguished. It is not important whether a temporary writ of injunction in form restrains defendant from doing the threatened act until the further order of the court, or during the pendency of the action, or whether both expressions be omitted therefrom. By operation of law such a writ continues in force from the time of its issuance until the court makes some further order with respect thereto, and this whether the writ expressly so provides or not. It is usual, however, for a

temporary writ to contain express words of limitation, as in this case. 1 Beach, Inj. 109.

2. The failure to procure from the court below an order staying proceedings on the order dissolving the writ of injunction until an, appeal therefrom could be perfected is not deemed of any importance. The acts committed by relators for which they were adjudged in contempt were committed after the appeal had been perfected. Relators' position would be quite different had such acts been committed prior to the appeal. Plaintiff had 30 days in which to perfect his appeal, and the writ was revived and continued from the date the appeal was so perfected. See, as bearing on this point, Ryan Drug Co. v. Peacock, 40 Minn. 470, 42 N. W. 298.

3. At the time relators were made parties to the action, the court did not require plaintiff to file a new or additional bond running to the new defendants, and relators claim that, for the want of such new bond, the writ never became operative as to them. The position is not sound. Counsel for relators do not seriously contend that it is. If the court should have required a new bond, the failure to do so was but an irregularity in no way affecting the validity of the writ, and which could only be taken advantage of by motion to dissolve the same. State v. Jamison, 69 Minn. 427, 72 N. W. 451; State v. District Court of Hennepin Co., 71 Minn. 383, 73 N. W. 1092. Perhaps a new bond should have been required. The relators' remedy for the failure to require it, however, was by motion, and not by a violation of its commands. Our conclusion is that the order adjudging relators guilty of contempt of court was in accordance with law, and should be sustained.

The writ of certiorari is therefore quashed, and the cause remanded to the court below for further proceedings. So ordered.