MYRNIA H. WATIER v. AUGUST BUTH and Another.[1]

Nos. 13,083—(81).[2]

On Motion to Dismiss, October 10, 1902.

## Municipal Court of Stillwater—Appeal.

Appeals, in actions for unlawful detainers, from the municipal court of the city of Stillwater to this court, must conform to the provisions of G. S. 1894, c. 86, relating to appeals to the supreme court.

## Appeal Bond.

G. S. 1894, § 6134, authorizes this court to allow a defective appeal bond to be corrected, or a new one to be substituted therefor; and the court will do so, and deny a motion to dismiss the appeal for such defect, unless there is reason to believe that the appellant has acted in bad faith.

On Appeal, November 21, 1902.

## Forcible Entry—Municipal Court Summons.

G. S. 1894, § 1377, providing that a summons in forcible entry proceedings under chapter 84, issued by a municipal court, shall be returnable at a regular term of court, is mandatory, and a summons issued by such court, being governed by that statute, returnable at a special term, is void, and confers no jurisdiction upon the court to proceed.

[1] Reported in 91 N. W. 756, 92 N. W. 331.     [2] October, 1902, term.

Action in the municipal court of Stillwater for the restitution of land withheld by defendants after a sale thereof on foreclosure of a mortgage by advertisement and expiration of the time for redemption. Defendants appeared specially and objected to the jurisdiction for the reason that the summons was made returnable at a special term of court instead of at a regular term thereof, as provided by law. From a judgment in favor of plaintiff, entered pursuant to the findings and order of Doe, J., defendants appealed to the supreme court. Plaintiff moved to dismiss the appeal for noncompliance with the statutory regulations. Motion to dismiss denied, upon condition. Judgment reversed.

*C. B. Jack,* for appellants.

*F. V. Comfort,* for respondent.

On motion to dismiss the appeal the following opinion was filed October 10, 1902:

PER CURIAM.

This is an appeal from the judgment of the municipal court of the city of Stillwater in an action for the restitution of land, under the provisions of G. S. 1894, c. 84, relating to forcible entries and unlawful detainers. Such court, in such cases, has the power and jurisdiction which are conferred on justices of the peace by chapter 84 of the General Statutes, and the proceedings are to be the same as therein provided, but no appeal shall be allowed except to the supreme court. Sp. Laws 1881, c. 92, subc. 12, § 6.

The appellants, in taking their appeal, complied, except as hereafter stated, with the provisions of G. S. 1894, c. 86, relating to appeals to the supreme court. The respondent moves to dismiss the appeal for the reason that the appellant did not comply with G. S. 1894, § 5068, relating to appeals from justices' courts to the district court.

The appellants adopted the correct practice. The statute having given the right of appeal directly to the supreme court, it necessarily follows that, in order to perfect such appeal, the only statutory provisions (chapter 86) regulating appeals to the supreme court must be complied with.

The sureties on the appeal bond failed to justify in double the

amount specified in the bond, as required by G. S. 1894, § 6150. Respondent claims that the appeal must be dismissed for this reason. The failure to so comply with the statute was evidently a mistake.

"When a party gives in good faith notice of appeal, * * * and omits, through mistake, to do any other act necessary to perfect the appeal, * * * the court may permit an amendment on such terms as may be just." G. S. 1894, § 6134.

This authorizes this court, in its discretion, to permit a defective appeal bond to be corrected, or a new one substituted. The appellants ought to be allowed to correct the defect in the appeal bond in this case without terms, as there is no claim that they have acted in bad faith.

Ordered, that the motion to dismiss the appeal be denied upon condition that the appellants, within ten days after notice of this order, secure a proper justification of the sureties on the appeal bond, or file a new one if the sureties on the original bond are unable or unwilling to so justify.

On appeal the following opinion was filed November 21, 1902:

BROWN, J.

This action was brought in the municipal court of the city of Stillwater, under G. S. 1894, c. 84, for the recovery of the possession of certain real property. Summons therein was duly issued, returnable at a special term of that court. On the return day defendants appeared by attorney specially, and moved to dismiss the action on the ground that the court had no jurisdiction, for the reason that the summons was not made returnable, as required by G. S. 1894, § 1377, at a regular term of court. The motion was denied, whereupon, after hearing the allegations and proof of plaintiff, judgment was ordered in plaintiff's favor, awarding to her the possession of the property. After their special appearance and motion to dismiss the action, defendants took no further part in the action.

The only question we deem it necessary to consider at this time is whether the action of the court in making the summons returnable at a time other than that specified by the statute above cited

deprived it of jurisdiction. We may remark, in passing, in answer to the suggestion of counsel for respondent, that there is no case or bill of exceptions presenting the proceedings had in the court below to this court, that the defect complained of appears upon the face of the record, and no case or bill of exceptions was at all necessary. The summons appears on its face to have been made returnable at a special term of court; the motion to dismiss the action was in writing, filed with the court; and the order for judgment recites the fact of the motion and the ruling thereon,—all of which were made a part of the judgment roll and the record in the case, and all duly certified to by the clerk of the municipal court.

G. S. 1894, § 1377, subd. 5, which is applicable to the municipal court of Stillwater, provides as follows:

"The practice and proceedings in actions under chapter eighty-four of the General Statutes of one thousand eight hundred and seventy-eight shall be the same as in justice's court, except that the summons shall be issued by the clerk and be made returnable on the first day of a regular term of said court."

As stated, the summons in this action was not made returnable at the time there provided, but instead at a special term.

The municipal court in question is one of limited and special jurisdiction, and must proceed in harmony with the statutory provisions creating and defining its jurisdiction. The same rule must apply that applies to proceedings before justices of the peace. In a case where an action of this nature is brought before that officer, the statute requires the summons to be made returnable in not less than six nor more than ten days from the time it is issued. The language of section 1377 clearly shows and indicates an intention on the part of the legislature to provide a different rule for municipal courts. The language is explicit, unambiguous, and susceptible of but one construction, and that to the effect that the summons must be made returnable on the first day of a regular term of court. It is mandatory, and must be complied with. Clearly, within the rules and principles of law applicable to such courts, parties have the right to insist upon a strict compliance with the terms of the statute. The question of the propriety of such a pro-

vision, or the reasonable necessity for it, is not before the court. The legislature has placed it upon the statute books, and, being plain and explicit, we have only to enforce it as we find it. Nor is the question to be influenced in any measure by the suggestion that defendants were in no way prejudiced by the fact that the summons was returnable at a special, instead of a regular, term of court. The same question would be presented if a justice of the peace should issue a summons under the forcible entry statute returnable eleven, instead of within ten, days from the date of its issue. In that case the justice would clearly exceed his authority, and, as against an objection seasonably made, as was done here, be without jurisdiction to hear or determine the action.

The claim that the charter of the city of Stillwater permits the municipal court to fix by rule special terms of court has no application to the question. That provision was incorporated in the charter long before the passage of the statute under consideration, and does not confer upon the municipal court authority to change the time for the hearing of cases of this kind.

Judgment reversed.