## J. J. HADLER v. JULIUS MOUNTAIN AND OTHERS.[1]

No. 27,077.

October 26, 1928.

[1]Reported in 221 N. W. 643, 224 N. W. 239.

*C. A. Wagner,* for appellant.
*Frank Palmer* and *J. J. Hadler,* for respondent.

The following opinion was filed on October 26, 1928:

PER CURIAM.

Plaintiff moves to dismiss the appeal for the reason that the sureties on the appeal bond made affidavit that they were worth the amount specified therein whereas the statute requires them to make affidavit that they are worth double that amount, and for the further reason that plaintiff duly excepted to the sufficiency of the sureties and that they have failed to justify as required by the statute. G. S. 1923, § 9508.

Defendant has printed the record and his brief at a considerable expense and has served and filed them. He asks to be permitted to furnish a good and sufficient bond or cash security in lieu of the defective bond. He has evidently acted in good faith, and upon authority of Watier v. Buth, 87 Minn. 205, 91 N. W. 756, 92 N. W. 331, it is ordered that the motion to dismiss be denied upon condition that within ten days from notice of this order he furnish and file a good and sufficient bond, or in lieu thereof make a cash deposit as provided by statute.

In compliance with the condition imposed in the foregoing opinion, appellant perfected his appeal by depositing a cash bond with the clerk of this court, and on March 15, 1929, the following opinion was filed:

PER CURIAM.

In this action to determine adverse claims to real estate, defendant appeals from a judgment determining that plaintiff is the owner in fee and entitled to possession.

Plaintiff sues as a judgment creditor of defendant Freda Dragamon. Under judgment against her, he levied upon the real estate in question and purchased at the execution sale. There having been no redemption, this action was brought to confirm his title. The property was levied on and sold as that of defendant Freda Dragamon, although at the time the title of record was in defendant Mountain under deeds from a former owner, one Lupie. The gist of the case for plaintiff was simply that those deeds originally ran to defendant Dragamon and that before recording and for

the purpose of defrauding her creditors, her name as grantee was erased and that of Mountain inserted instead. The proof in support of that claim is convincing.

We have examined the other arguments for appellant and find them without merit. At every determinative point the evidence for appellant is so contradicted, either internally or externally, or is otherwise rendered so questionable, that there is no possible ground for disturbing the judgment, which must be affirmed.

. So ordered.