[1] Reported in 1 N.W.2d 133.
Upon this order to show cause, appellants seek leave to substitute a good for a defective supersedeas bond. The appeal is from an order denying a temporary injunction in a proceeding brought to enjoin respondents from interfering with the management of the Local Union. Acting under a section of the constitution of the International Union, respondents have appointed a trustee to take charge of the Local. The object of the supersedeas bond is to keep in effect during the pendency of this appeal the temporary restraining order which was issued to appellants on their ex parte application. See State v. Duluth St. Ry. Co. 47 Minn. 369, 50 N.W. 332; State ex rel. Leary v. District Court, 78 Minn. 464, 81 N.W. 323.
The order dissolving the restraining order and dismissing the complaint was stayed by the lower court. Upon the last day of the stay, which was after appeal here had been taken, the appellants filed a bond approved by the lower court which purported to be supersedeas in effect. This bond was attacked in the lower court by respondents by a motion still pending, upon the ground that the agent for the surety lacked the requisite authority to execute the bond. The bond was executed by appellant John Stone as principal and the Western Surety Company as surety. By affidavit, it appears that the local agent for Western Surety Company was asked to execute the bond on the afternoon of the last day of the stay, and that in the haste and confusion of execution the agent neglected to secure written *Page 617 
authority from the home office, which was necessary. Written authority has now been received, and a new supersedeas bond has been executed.
Ignoring the abundance of irrelevant affidavits and arguments which have been urged in opposition to the allowance of the substitution, the question to be decided is whether this court, under its power to allow an amendment upon terms where a party in good faith has served notice of appeal (Mason St. 1927, § 9492), should allow appellants to substitute a properly executed supersedeas bond for the one previously filed below. As it appears that the agent made his mistake in good faith, and appellants have indicated their willingness to tender a good bond, we see no reason why the substitution should not be allowed. Respondents argue that, since the agent lacked authority to execute this bond, it was void ab initio, and that our power to permit amendments should not be exercised in such a case. But this argument ignores prior precedent of this court. Substitution has been permitted where no bond was filed at all (Sworski v. Colman, 203 Minn. 545, 282 N.W. 276), or where there were no sureties (Geddes v. Broman, 209 Minn. 603,295 N.W. 518), or where the attorney acted as one of the sureties (Hanson v. Emanuel, 210 Minn. 51, 297 N.W. 176), and also where the sureties failed to justify in accordance with law (Watier v. Buth, 87 Minn. 205, 91 N.W. 756, 92 N.W. 331; Hadler v. Mountain, 176 Minn. 632, 221 N.W. 643, 224 N.W. 239). In all these cases, either there was no bond, or, if there was, it was not merely defective but void so far as satisfying the requirements of appeal. The instant bond stands upon no different footing.
The motion to substitute a new supersedeas bond is granted on condition that it be filed in the court below within ten days from date hereof; otherwise the stay shall vacate without further order. *Page 618