STATE, BY J. W. CLARK, COMMISSIONER OF DEPARTMENT
OF BUSINESS DEVELOPMENT, v. ROBNAN, INC.

107 N. W. (2d) 51.

November 4, 1960—No. 38,240.

*Milton H. Altman* and *Lipschultz, Altman, Geraghty & Mulally,*
for appellant.

*Walter F. Mondale,* Attorney General, and *John H. Sandor,* Special
Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Defendant has moved this court to have a writ of temporary injunction granted by the district court suspended pending its appeal here.

On July 20, 1960, plaintiff moved the district court for an order granting a temporary injunction restraining the defendant from selling, offering for sale, or advertising for sale any commodities, articles, goods, wares, or merchandise at less than the cost thereof to the defendant as vendor in violation of Minn. St. 325.04. On September 13, 1960, the district court granted said motion and on September 20

defendant filed a notice of appeal from the order. Also a cost and supersedeas bond was filed, which bond was approved by the court. Following the approval the court wrote, "but do not stay my restraining order during appeal."

The defendant presents two basic issues with respect to its motion which are as follows:

(a) Did the trial court have power to continue in force, during the pendency of the appeal, the writ of temporary injunction under Rule 62.02 of Rules of Civil Procedure notwithstanding the filing of a cost and supersedeas bond pursuant to Minn. St. 605.11?

(b) If the trial court did have such power, should the supreme court suspend the writ during the pendency of the appeal in order to preserve the rights of the parties?

■ Defendant contends that since it filed a cost and supersedeas bond pursuant to § 605.11, which bond was approved by the court, the district court thereby lost jurisdiction of the cause and defendant is entitled to a stay of the proceedings pending the appeal; in other words, that the temporary injunction is null and void pending the appeal.

Rule 62.02 states:

"When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

Notwithstanding the language of the foregoing rule, defendant contends that § 605.11 is in full force and effect; that Rule 62.02 merely reiterates the law as it existed prior to the adoption of the Rules of Civil Procedure; and that it is not inconsistent with § 605.11 since it applies only when a bond is not filed.

We are of the opinion that there is an inconsistency. As stated in 3 Youngquist & Blacik, Minnesota Rules Practice, p. 436:

"Under prior law an appeal from an order, accompanied by a supersedeas bond, effected a stay. Cf. State v. District Court, 1900, 78 Minn. 464, 466, 81 N. W. 323. This was not a satisfactory procedure

in this class of actions where a continuance or denial of an injunction could work an injustice to a party pending an appeal, and the rule will provide a more flexible procedure."

Minn. St. 480.056 provides:

"All present laws relating to pleading, practice, and procedure, excepting those applying to the probate courts, shall be effective as rules of court until modified or superseded by subsequent court rule, and upon the adoption of any rule pursuant to this act such laws, in so far as they are in conflict therewith, shall thereafter be of no further force and effect."

Although Appendices B(1) and B(2) to Rules of Civil Procedure list statutes superseded by the rules, we do not believe that such lists are exclusive in view of § 480.056. See, 3 Youngquist & Blacik, Minnesota Rules Practice, Authors' Comments to Rule 86.02, p. 499.

Accordingly, the district court did have jurisdiction under Rule 62.02 to continue in force its temporary injunction pending appeal although a cost and supersedeas bond was filed and approved pursuant to § 605.11. Upon a review of Holmes v. Holmes, 253 Minn. 26, 91 N. W. (2d) 79, we do not believe that case holds to the contrary as contended by defendant. There only a cost bond was filed which did not, in any event, stay the proceedings under § 605.11.

Rule 62.05 reaffirms the power of this court to suspend, modify, restore, or grant an injunction during the pendency of an appeal. However, we see no reason here for interference with the discretion exercised by the district court in continuing its temporary injunction during the pendency of this appeal.

Motion denied.