JOHN WEBB *vs.* JOSEPH MILLER et al.

A garnishee must be allowed the rights of any other party in court to make such defence as the law allows him. *Held*, that the judgment of the court below discharging the garnishee was not void, but erroneous; and the garnishee should have been permitted to file his answer.

The judgment at law could have been enforced against the garnisher, who was the defendant, and he could make a voluntary payment of it.

The garnishee could not have resisted the payment of the judgment upon the ground of a mere possibility that a writ of error might be prosecuted from the judgment discharging the garnishee.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The opinion contains the facts of the case.

*A. H. Handy*, for plaintiff in error.

*Lawson* and *C. C. Shackleford*, for defendants in error.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff in error was summoned to the May term, 1844, of the circuit court of Madison county, to answer as a garnishee, in what sum he was indebted to one Jesse Meek, against whom the defendants in error had recovered a judgment in said court for the sum of $2,416.58.

The garnishee appeared within the proper time, and answered that he was indebted to said Meek in the sum of $189, and that there was then a suit by Meek pending in said court against him, the garnishee, for that amount. He also prayed, in his answer, to be protected against the consequences of said suit, so that he would be fully protected by one payment of the money.

At the April term, 1847, of the court, upon his motion, the garnishee was discharged; and very soon thereafter made a settlement with Meek, and discharged his indebtedness to him. After this, Miller, the defendant in error, and the judgment creditor of Meek, prosecuted a writ of error to the judgment of the circuit court, discharging the garnishee, which was reversed by this court, and the cause remanded to the circuit court. After the cause was, upon this reversal, reinstated in the circuit court, the answer of the garnishee was traversed, a jury impanelled to try the issue thereon, and verdict rendered for the sum of $2,563.62, and a judgment of the court accordingly against the garnishee.

The garnishee also moved the court for leave to put in an amended answer, setting forth, among other matters, the payment of the debt to Meek, after the judgment of discharge, and before the writ of error was sued out; which amendment the court refused to allow the party to make.

The question to be considered is, whether the court erred in refusing leave to the garnishee to file his amended answer, or so much thereof as set forth the payment to Meek, under the circumstances stated.

A garnishee must be allowed the rights of any other party in court, to make such defence as the law allows him, against the party seeking to charge him with a liability. The judgment of the court discharging him was not void, but only erroneous.

After his discharge he was left without any defence against the judgment of Meek, who could at any time enforce it against the garnishee; and if the judgment could be enforced by legal process, and the garnishee, who was the defendant in the judgment, could make no defence against it at law or in equity, it follows that he could at the same time make a voluntary payment of it to the creditor.

It cannot be pretended for a moment, that if Meek had sought to collect his judgment by legal process, before the writ of error was sued out, that the defendant therein, the garnishee in the present proceeding, could have resisted payment on the ground of a mere possibility that a writ of error might be prosecuted to the judgment discharging him.

We are, therefore, of opinion that the court erred in rejecting so much of the amended answer as set up the payment of the judgment to Meek, before the writ of error was prosecuted to the judgment discharging the garnishee.

Judgment reversed, and cause remanded.