## DANFORTH, DAVIS & CO. v. RUPERT, *et al.*

1. CASE EXPLAINED. The ruling in *Danforth, Davis & Co.* v. *Carter &*

*May*, 4 Iowa 237, did not affect the rights of third parties relating to the property attached or the proceeds arising therefrom.

2. DISSOLUTION OF AN ATTACHMENT. While it is safer for the clerk, upon the dissolution of an attachment, to have an order of court made directing the disposition of moneys placed in his hands by the sheriff, as the proceeds of the sale of the property attached, yet he does not render himself liable to the plaintiff by a payment, without such an order, of such moneys to the attachment defendant, if such payment is made in good faith, and without notice of plaintiff's intention to appeal and continue his attachment lien by a *supersedeas*.

*Appeal from Dubuque District Court.*

MONDAY, APRIL 22.

ACTION against Benjamin Rupert and the sureties of his official bond, to recover moneys paid to him as Clerk of the District Court of Dubuque County. On the 2nd day of March, 1855, an attachment was sued out by Danforth, Davis & Co., against the property of Carter and May. Goods to the value of $1103.82, were attached. A portion of the property being perishable, it was sold by the sheriff, and the proceeds amounting to $404.60, were paid to the defendant as clerk. On the 2nd day of June, in the same year, the District Court sustained defendants motion to dissolve the attachment, the plaintiff at the time excepting. On the 6th day of June, the defendant upon the demand of Carter and May, the attachment defendants, paid over to them the amount of money so received and took their receipt for the same. On the same day, but after the payment above mentioned, the plaintiffs filed their bill of exceptions to the ruling of the court dissolving the attachment, and perfected their appeal to the Supreme Court. The order dissolving the attachment was reversed. See *Danforth, Davis & Co.* v *Carter and May*, 1 Iowa 546. The plaintiff recovered in the main action in 1856, and moved the court to declare the judgment a lien upon the property attached, and for a special execution. This motion was overruled. At the December Term, 1856, the Supreme Court reversed this ruling of

the District Court; and at the same time reversed the judg-ment of the court below in the main action. See S. C. 4 Iowa 230. Final judgment was rendered in said cause on the 7th of February, 1859, and a special execution awarded against the property attached. A demand for the money paid the defendant by the sheriff was made on the 1st day of August, 1859. A special execution was issued, and was returned unsatisfied on the 1st day of October, 1859, and thereupon thus suit was instituted. The questions raised on the trial in the court below are presented in the opinion. The plaintiffs appeal.

*Poor, Adams & Cram* for the appellants.

1. An appeal lies from an order dissolving an attachment, *Johnson & Stevens* v. *Butler*, 1 Iowa 459; *Elliot* v. *Corbin*, 4 Ib. 564. 2. An appeal taken during the term at which the order is made, continues the lien of the attachment on the property attached, *Danforth, Davis & Co.* v. *Carter and May*, 4 Iowa 230.

*Bissell, Mills & Shiras* for the appellees.

BALDWIN, J.—The plaintiffs by their action seek to recover of defendant, Rupert, for money paid over by him, as clerk of the District Court, to the attorney of Carter & May, which had been deposited with him as such officer, under the provisions of sections 1881–82 of the Code of 1851. The character of plaintiffs' claim may be more fully ascertained by reference to that portion of the opinion of this court, in the case of *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 237, which relates to the effect of the dissolution of the attachment in said cause. The facts agreed upon by the parties and the evidence as produced upon the trial present the case in the same position as stated by the court in that branch of the opinion above referred to; excepting that in this cause the defendant, Rupert, maintains that he did not take an " accountable receipt " for the money paid

over by him; but claims that he paid the same in good faith, and with the understanding that the attachment had been dissolved, and that he had no longer any right to retain the same.

The court, upon the trial, refused to give the following instruction asked by plaintiff, viz: "That if the jury believe that the defendant, Benj. Rupert, on the 6th day of June, after the order of the court dissolving said attachment and before the plaintiffs had perfected an appeal and during the term, paid over the money arising from the sale of goods attached to the defendant, without the order of the court, he is still liable to account to the plaintiff for the same." But gave, at the request of defendant, the following instruction: "The question for the jury to decide is, whether the defendant, Rupert, at the time he paid the money to Bissell, did it under such circumstances as render him liable therefor in this action. If defendant knew at the time he so paid it over, that the plaintiffs in the original attachment suit, Danforth, Davis & Co., were about to supercede the judgment of the District Court dismissing the attachment, by an appeal to the Supreme Court, or if he had reasonable grounds for such a belief, in either event it would be your duty to find for the plaintiffs. On the other hand if Rupert paid the money over in good faith, without any ground for such belief, and because the District Court had dissolved the attachment, then your verdict should be for the defendant."

The giving, and refusing to give, the foregoing instructions are the errors assigned by appellants. It is submitted that the decision of the court in the case of *Danforth, Davis & Co.* v. *Carter & May, supra,* determined the correctness of the instructions asked, and the incorrectness of those given; and that under that ruling of the court, the attachment lien existed until the appeal was taken, or until an order of the court was made directing a release of the property attached.

We do not understand that decision as determining the

rights of any others than the parties to that suit. In fact the court says that no question touching the rights of third parties arises in that case, and that the question is decided without reference to such. The court, without doubt, in referring thus to third parties, must have had in view this very cause or the one against the sheriff; because the plaintiffs would, from the nature of the transaction, be compelled to resort to this remedy. We conclude that the defendant is a third party, as thus referred to by the court, and that the right of plaintiffs to recover, as against defendant, has not been adjudicated.

Under the provisions of the sections of the Code, above referred to, the money arising from such sales shall remain in the hands of the clerk to abide the event of the suit. It is the attachment suit thus referred to. An attachment proceeding is independent of, and only auxiliary to, the main cause. The attachment proceedings may be brought to an end without affecting the main action. When an attachment is dissolved by the District Court, it is a final adjudication upon all questions involved therein, unless, in the proper time, appealed from. That appeal must be taken forthwith to continue the lien; but as between the parties, four days is a reasonable time within which to perfect such appeal.

In determining what rule the clerk should be governed by when an attachment has been dissolved, and money deposited with him is demanded, we cannot be guided by precedents, because we are unable to find a case presenting the peculiar condition that this one does. It is true that the safest and most correct course, would be for the clerk to obtain an order of court directing him to pay over the money before so doing. Yet we cannot say that he is liable if he does pay over the money in good faith, after the attachment has been dissolved, the suit ended, and without any notice of an appeal given. Is it not the duty of the plaintiff, whose attachment has been dissolved, to be vigilant, if he desires his

cause to stand *in stato quo* ? The ruling is against him and he is the only one who can determine whether it is final or not. Had the plaintiffs, who were the only parties interested in having the money remain in the clerk's hands, notified him that they had appealed, and after such notice the defendant had parted with the money, he would have been liable.

The instructions given, we think, correctly directed the the jury as to how they should find under the evidence.

Judgment affirmed.