Mr. Justice Montgomery
delivered the opinion of the Court:
The plaintiff appeals from an order of the court below denying his motion for judgment of condemnation of credits in the hands of Robert A. Hooe. The following are the material facts :
April 10, 1886, plaintiff began suit against defendant Duncan;to recover upon two promissory notes.
*383 At the same date he sued out a writ of attachment and garnishment with interrogatories addressed to Mr. Hooe. April 13, 1886, a motion to quash the attachment was filed and on April 19, the garnishee answered, admitting that he had $490 in his hands belonging to defendant Duncan.
May 8, 1886, the motion to quash was granted and plaintiff then and there noted an appeal.
On the same day the garnishee paid over the money in his hands to or for defendant Duncan.
On the 7th of the following July-plaintiff sued out another writ of attachment in the same (principal) Suit and again attached the credits of the defendant Duncan in the hands of Hooe.
October 22,1886, the Court in General Term reversed the order of the Circuit Court, quashing the first writ, and on February 19, 1887, plaintiff recovered judgment against Duncan for $346.82 with interest from July 29, 1885, and costs of suit. It will be seen from the foregoing statement of facts that the main question is-whether or not the garnishee might immediately upon the quashing of the writ, and notwithstanding the appeal, pay over this money in his hands.
Counsel for the defense urges, among other things, first, that the garnishee had such right because plaintiff filed no supersedeas bond, and second that the suing out of the second writ of attachment was in effect a waiver of the first.
We are of opinion that, pending the appeal the garnishee was hound to retain the money in his hands, precisely as though no order quashing the writ had been made and whether a supersedeas bond were or were not filed. That such appeal was pending, we will assume because the appellate court entertained it and reversed the order appealed from.
We find nothing in the record, from which it may be inferred that plaintiff ever waived his rights under the first *384 writ. On the contrary, he at once appealed from the order quashing his writ, perfected and prosecuted his appeal and secured a reversal.
The plaintiff is entitled to judgment of condemnation against the garnishee for the amount of his judgment against Duncan, including interest and costs not exceeding the sum of $490.

The order of the Special Term is accordingly reversed.