OF THE

## STATE OF WASHINGTON,

AT THE

# JANUARY SESSION, 1893.

[No. 629. Decided January 9, 1893.]

G. J. ANDERSON, *Respondent*, v. L. T. LAND, AND THOMAS NUNAN, *Sheriff of Island County, Washington, Appellants.*

ATTACHMENTS — EFFECT OF DISSOLUTION — SECOND LEVY — LIEN.

Where an attachment has been dissolved the sheriff's right to the control and possession of the property ceases, and the placing in his hands, within a few days after such dissolution and before his surrender of possession, of a second writ of attachment upon which he endorses the ordinary levy, will not create a lien upon the property where there is a *bona fide* sale thereof prior to actual levy under the second writ.

*Appeal from Superior Court, Island County.*

*Garrett & Corliss*, for appellants.

*W. S. Relfe*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.— This is an action brought under the provisions of title 4, chapter 4 of the Code of Procedure, the plaintiff and respondent claiming the ownership and right to the possession of certain saw logs attached by the sheriff of Island county, under a writ issued in the case of L.

T. Land, plaintiff, v. Judy & Swanson, defendants. The levy of the writ against Judy & Swanson was made on November 14, 1890. The partnership existing between Judy & Swanson had been dissolved prior to that time, Swanson assuming the liabilities and taking the assets. After the dissolution of the partnership, and writ of attachment issued, Swanson executed and delivered to the respondent Anderson his note for three thousand dollars, and a chattel mortgage on the logs in question to secure the same. On the 16th day of December the attachment was dissolved, and on the 18th Swanson gave Anderson a bill of sale of the logs, and Anderson took possession of the same at the time. On the 18th day of December a second writ of attachment was sued out and delivered to the sheriff, who, without making any actual levy or seizure, endorsed on the writ the ordinary levy. He did not make any actual levy until some days after. Upon the trial of the case the court instructed the jury to return a verdict for the plaintiff.

There can be but two questions in this case: (1) Was there any fraud in obtaining the bill of sale by Anderson? (2) Was there any lien on the logs by virtue of an attachment at the time the bill of sale was given? One is a question of fact, the other a question of law, the facts being conceded.

We have carefully examined the testimony, and agree with the trial court that there was no evidence tending to show fraud in obtaining the bill of sale or tending to dispute the bona fides of the transaction, and consequently nothing under that head to submit to the jury.

We are also of the opinion that the court took the correct view of the legal proposition. Even conceding that the lien under the second attachment had not been lost when the sheriff went out of office, which would be a doubtful concession, considering the testimony of the new sheriff that he did not make an actual levy until the 4th day of

February, the dissolution of the attachment on the 16th day of December ended the lien, and the owner of the property had a right to make any disposition of it he saw fit, no matter whether the property had actually been turned over to him by the officer or not. He could sell the property during the time the writ was in effect in such case, and the purchaser's title would only be subject to the right of the attaching creditor under the writ, and when the attachment was dissolved there would be an end to any such right, and the purchaser's title would be complete.

So far as the right of the officer is concerned, his title is dependent for its continuance upon the continuing of the necessity of holding the property to answer the purpose of the writ. Freeman on Executions, § 268; Wade on Attachment, § 294. Upon the dissolution of the writ the necessity ceases, and all his title to hold the property ceases. If upon the dissolution of the attachment the sheriff had refused to deliver the property to the defendant, the defendant could have maintained an action against him for its possession; and, on the other hand, if, after the dissolution of the attachment, the defendant had taken possession of the property without its having been formally turned over to him, the sheriff would have had no power to enforce its redelivery to him.

It follows conclusively that his right of possession ceased with the dissolution of the writ, and if he was afterward clothed with authority to seize property of the defendant, he must act on that authority independently of any effect or power of the old writ. It is conceded that he did not make an actual levy in this case until after the sale to the respondent.

We have examined the other points raised by appellant, and we think there is no substantial error in the trial by the court, and judgment is therefore affirmed.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.