MAXWELL and others, Respondents, vs. BANK OF NEW RICHMOND, Appellant.

*November 3 — November 22, 1898.*

*Garnishment: Lien: Transfer of property by garnishee: Judgment for garnishee: Stay of proceedings pending appeal: Money judgment against garnishee.*

1. The service of garnishee process creates an equitable lien upon property of the principal defendant in the hands of the garnishee, entitling the plaintiff to hold such property for the satisfaction of his claim against such defendant and to follow it into the hands of those who may purchase the same of the garnishee with notice of the situation, unless the lien be waived by plaintiff's conduct.

2. The protection of the plaintiff against danger of the garnishee's placing the property beyond the reach of the court, is the right to a personal judgment against the garnishee defendant, or an injunction to restrain the garnishee from in any way parting with the property pending the proceedings, and the right to follow the property as against persons deriving title thereto from the garnishee with notice of the equitable lien.

3. A judgment in favor of the garnishee extinguishes the equitable lien created by the service of the garnishee process, and protects the garnishee and those dealing with him pending an appeal from the judgment, unless the lien be continued according to law.

4. If an equitable lien in garnishee proceedings be extinguished by judgment in favor of the garnishee, and the lien be not continued pending an appeal from the judgment, and the garnishee part with the property while discharged of such lien, a reversal of the

Maxwell and others vs. Bank of New Richmond.

judgment on appeal does not revive the lien or entitle plaintiff to a judgment against the garnishee either for the property or the value thereof.

5. If plaintiff, in a garnishee action, elect to take a mere money judgment against the garnishee, such election operates to discharge the property from the equitable lien thereon.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for St. Croix county: R. G. SIEBECKER, Judge. *Reversed.*

Action for money had and received, based on the following facts: Hicks, an insolvent merchant, mortgaged his stock in trade to one Simonton as trustee to secure debts due to certain of his creditors, including defendant. Simonton took possession of the mortgaged property, and subsequently plaintiffs brought suit against Hicks to recover an indebtedness due from him to them, and garnished Simonton, claiming the mortgage to him to be void as to creditors of Hicks. Simonton answered stating the facts in relation to the mortgage, and thereafter such proceedings were had that judgment was rendered in favor of the garnishee, discharging him. From that judgment plaintiffs appealed to this court, but without securing a stay of proceedings in the court below, or an order continuing the equitable lien of plaintiffs in any way, or restraining the conduct of Simonton concerning the property claimed to belong to the debtor Hicks. Subsequent to the judgment discharging Simonton, he executed his trust under the mortgage by disposing of the mortgaged property and distributing the net proceeds thereof to the beneficiaries, defendant receiving $251.82. Thereafter such proceedings were duly had in the garnishee action that the judgment appealed from was reversed, the cause remanded to the lower court for further proceedings, and a judgment was there rendered in plaintiffs' favor against the garnishee for the amount of the plaintiffs' claim, with costs. Subsequently an execution was issued to collect

the judgment and was returned unsatisfied, and thereupon this action was brought to recover of the defendant the money paid to it as aforesaid, on the ground that such money justly belonged to plaintiffs.

The facts stated appearing by the pleadings, the court, on motion, rendered judgment for plaintiffs according to the prayer of the complaint, and defendant appealed.

*W. F. McNally*, for the appellant.

For the respondents there was a brief by *Baker & Haven*, and oral argument by *Spencer Haven*.

MARSHALL, J. The judgment appealed from must be reversed, for two reasons: First, the election to take judgment against the garnishee for the amount of plaintiffs' claim precluded them from subsequently following the property or the proceeds thereof; and second, the equitable lien in the garnishee proceedings not being continued in any way pending the appeal, or the judgment appealed from stayed, or the garnishee restrained from executing such judgment, it protected the garnishee defendant as to anything he did pursuant thereto before it was reversed.

True, the service of the garnishee process operated as an equitable levy upon the property in the hands of Simonton belonging to the defendant. *Globe Milling Co. v. Boynton*, 87 Wis. 619; *Morawetz v. Sun Ins. Office*, 96 Wis. 175. But it by no means follows that under all circumstances the plaintiffs could follow either the property or the proceeds thereof into the hands of other parties. A *bona fide* purchaser of the property without notice of the equitable lien would take it discharged of the incumbrance, and the proceeds of the property in the hands of a *bona fide* holder would be likewise free from any claim of the plaintiff. The protection of the plaintiff under such circumstances, against the liability of the garnishee to dispose of the property pending the proceedings, is the right to a personal judgment

against him, if that becomes necessary to protect the interest of the plaintiff; or, if the garnishee be insolvent, a restraining order may be obtained in the proceeding, preventing any disposition of the property until the further order of the court or the termination of the action, so that it may be produced for the benefit of the plaintiff if such ultimately be the judgment of the court. *Almy v. Platt*, 16 Wis. 169; *Malley v. Altman*, 14 Wis. 22; *Sweet v. Oliver*, 56 Iowa, 744. If no precaution be taken to prevent the garnishee from disposing of the property for which he may be liable, the plaintiff's reliance must be wholly on the statute which gives him the right to such a judgment as will properly protect his rights, and if, in that situation, he elects to consider the garnishee as his debtor and to take a personal judgment as the price of his equitable interest in the property, the result is the same as in any other case of election between two remedies. Once taken, it fixes the relations between the parties, and the person so electing cannot thereafter recall his' act and take a different and inconsistent position. *Bank of Lodi v. Washburn E. L. & P. Co.* 98 Wis. 547. Here, unless plaintiffs lost their right to hold the garnishee responsible for the property of the debtor in his hands by not controlling its possession and disposition pending the appeal, they had a right to a personal judgment against the garnishee, treating him as their debtor, or a judgment treating the property as in the custody of the court, and all persons coming into the possession of any part of the same, or the proceeds thereof, with notice of the equitable lien thereon, as liable to account therefor. They elected to take a personal judgment, and thereby waived the right, if any they had, to follow the property or the proceeds.

There can be no question but that the appeal from the judgment in favor of the garnishee did not operate as a *supersedeas* or stay of proceedings under such judgment, or

restrain in any way the conduct of the garnishee defendant concerning the property of the principal defendant in his hands. Therefore, the reversal of the judgment on appeal did not revive the equitable lien upon such property. The whole scheme of the Code evinces clearly the intent that there shall be no stay in the execution of a judgment carried to this court for review, except by a special order to that effect or the giving of a bond to protect the respondent, or both, according to statutory requirements. Contrary to the old practice, it is expressly provided that the mere suing out of a writ of error and the giving of a bond to make it effectual, shall not operate as a *supersedeas*. Stats. 1898, sec. 3045. The right of appeal is wholly a creature of the statute, and when exercised cannot have any greater effect as a *supersedeas* than the suing out of a writ of error. It is laid down as an elementary principle that a statutory appeal does not supersede a judgment or stay its execution in any way, except by compliance with the special conditions requisite thereto. 2 Ency. of Pl. & Pr. 333, and note. In that view the several sections of the statutes relating to stays on appeals were evidently designed to meet all situations where a stay, in any event, should be granted. If there be a case not covered thereby, there being no statute prohibiting it, the trial court, and this court as well, undoubtedly have inherent power to grant a stay if justice requires it, and to make such an order on proper terms as may be necessary to make the final judgment of the court effective. In case of an appeal from a judgment dismissing an attachment or dissolving an injunction, the statute provides for continuing the same pending the appeal. Stats. 1898, sec. 3061. Manifestly, in the absence of such a continuance, the reversal of the order would not revive the condition existing at the time of its entry so as to render the then prevailing party liable for his conduct in the meantime. A judgment against the

Maxwell and others vs. Bank of New Richmond.

garnishee protects him in complying therewith, and a reversal of it on appeal, where not superseded or stayed, is without prejudice to a compliance by the garnishee with the judgment in the meantime. Rood, Garnishment, § 215, and cases cited. And the same is true where the judgment appealed from is in favor of the garnishee. It discharges the equitable attachment of the property of the defendant in the principal action just as effectually as an order discharging an attachment releases the attached property from the specific lien thereon created ·by such attachment. To preserve the lien in either case, for the purpose of further proceedings, it must be continued by special order of the court ·and in compliance with the statute governing the subject, or the direction of the court, where not regulated by statute. It follows that if a judgment be rendered in the court of original jurisdiction in favor of the garnishee, and the lien of the plaintiff be not continued pending an appeal or review on writ of error, and the garnishee treat the property sought to be reached as free from the equitable lien pending the proceedings, and by reason of a reversal of the judgment the cause proceeds to a new trial, he should be allowed to plead the disposition of the property while discharged of the lien, as·a defense. *Webb v. Miller,* 24 Miss. 638.

The result of the application of the principles stated in the foregoing, to the case before us, is that the defendant came rightfully into possession of the money received from Simonton, has a right to retain the same, and that plaintiffs have no claim thereto whatever. The judgment in favor of Simonton discharged the equitable lien of plaintiffs, and it was not revived by a reversal of the judgment to the prejudice of the garnishee defendant or those dealing with him. The lien not being continued pending the appeal, it was lost beyond recovery by the disposition of the property pursuant to the judgment discharging the garnishee. The judgment

of the trial court to the contrary was erroneous and must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint and to render judgment in favor of the defendant for costs to be taxed according to law.