STANNARD and another, Respondents, vs. YOUMANS, Garnishee, Appellant.

*April 12 — April 30, 1901.*

*Garnishment: Appeal: Disposal of property: Construction of mandate: New trial.*

1. The discharge of a garnishee by a court of competent jurisdiction releases the equitable lien created by the garnishment, and protects the garnishee in disposing of the property in his hands after such judgment and prior to its reversal upon appeal, unless the lien be continued by proper order or stay of proceedings pending the appeal.

2. On appeal a judgment discharging a garnishee was reversed with directions to charge the garnishee and for further proceedings according to law. *Held,* that such mandate contemplated a new trial, and that the garnishee be charged with such liability as might be developed upon such trial by the application of correct legal principles to the facts established by the evidence.

APPEAL from a judgment of the circuit court for Clark county: A. J. VINJE, Judge. *Reversed.*

This was a garnishee action. The garnishee was an assignee under a voluntary assignment for the benefit of creditors, executed by one Manes. The plaintiffs, who were creditors of Manes, sued him, and recovered judgment upon their claim, and garnished the defendant, claiming that the voluntary assignment was void because of an omission in the assignee's bond. Upon the first trial of the garnishment action in the circuit court the garnishee was discharged, but upon appeal to this court that judgment was reversed, and the case was remanded, with directions to charge the garnishee, and for further proceedings according to law. 100 Wis. 275. Upon return of the record to the circuit court the defendant was allowed to file a supplemental answer stating, in substance, that the first judgment in the circuit court was rendered at the October term, 1896; that no ap-

peal was taken therefrom until October, 1897, and that the hearing upon such appeal took place at the January term, 1898; that the property in the hands of the garnishee received under his assignment consisted of certain logs and piling, together with a number of cows and horses, the nominal value of which at the time of the assignment was fixed at $800; that the actual cash value of the same was much less than' $800, but that of such property all except 5,200 feet of piling and one black mare four years old, were sold by the defendant subsequent to the first judgment in the circuit court, and prior to the appeal, for the aggregate sum of $293.87; that prior to the reversal of the case in this court the defendant had paid out for necessary expenses and costs of the assignment $207.75, and after such reversal had also paid out $75, being the taxed costs upon such appeal, leaving in his hands $11.12 in cash; and that there were also in his hands, undisposed of, the 5,200 feet of piling and the black mare. Wherefore the garnishee prayed that he be held responsible only for the property which was in his hands at the time of such reversal.

The facts stated in the supplemental answer were not denied at the trial, but were, in substance, admitted, and no evidence was interposed except the affidavit of Mr. Sturdevant, plaintiffs' attorney, showing, among other things, that the property assigned to the defendant was of the value of upward of $800. The plaintiffs elected to take a personal judgment against the defendant for the amount of the judgment in the main action, being the sum of $639.16, and such judgment, with costs, was rendered, and the defendant appeals.

For the appellant there was a brief by *S. M. Marsh*, attorney, and *James Wickham*, of counsel, and oral argument by *Mr. Wickham*.

For the respondents the cause was submitted on the brief of *L. M. Sturdevant* and *R. F. Kountz*.

WINSLOW, J.   It is quite well settled that the discharge of a garnishee by a court of competent jurisdiction releases the equitable lien created by the garnishment, and protects the garnishee in disposing of the property in his hands after such judgment and prior to its reversal upon appeal, unless the lien be continued by proper order or stay of proceedings pending the appeal.   Rood, Garnishment, § 215; *Maxwell v. Bank of New Richmond*, 101 Wis. 286.   In case there has been no such stay, and the garnishee has disposed of the property sought to be reached prior to the reversal, he should be allowed upon new trial to plead such disposition as a defense.   *Maxwell v. Bank of New Richmond, supra.*

Hence, in the present case, it being admitted that the garnishee had disposed of the property sought to be reached after the judgment discharging him, and in reliance thereon, and prior to the judgment of reversal, he should only have been charged as garnishee with the property which still remained in his hands at the time of the reversal or its value.

It seems probable that the circuit court construed the mandate of this court upon the first appeal as an absolute direction that judgment be entered for the property in the hands of the garnishee at the time the action was commenced, and it must be conceded that the mandate was unfortunately worded.   It did not, however, direct the entry of any specified judgment, but that further proceedings be had, and that the garnishee be charged.   It evidently contemplated a new trial, and necessarily, also, that the garnishee be charged with such liability as might be developed upon such trial by the application of correct legal principles to the facts established by the evidence.

*By the Court.*— Judgment reversed, and action remanded for a new trial.