Argued July 8, reversed July 28, costs taxed September 8, 1925.

# WILLIAM QUIGLEY v. MULTNOMAH MOTOR COMPANY ET AL.

### (237 Pac. 971.)

**Process—Court has Power to Quash Process Issued by It.**

1. Where a court has power to issue a particular process, of necessity it has the power to quash that process.

**Garnishment—Party Changing Position, in Reliance upon Erroneous Order of Court, will be Protected, in Absence of Fraud.**

2. A party, such as a garnishee, who has changed his position, in reliance upon an erroneous order of the trial court, will be protected, in the absence of fraud or collusion on his part.

**Garnishment—Order Requiring Garnishee to Pay Sum Which It Paid to Party Entitled Thereto, in Reliance on Erroneous Court Order Releasing Such Money from Garnishment Lien, Held Reversible Error.**

3. Order requiring garnishee to pay sum, which it paid to creditor of defendant on latter's order, in reliance on erroneous court order releasing such money from garnishment lien, held reversible error.

---

See (1) 32 Cyc. 519 (Anno.)    (2) 28 C. J. 535.    (3) 28 C. J. 535.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

REVERSED.    COSTS TAXED.

For appellant there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Charles A. Hart,* with an oral argument by *Mr. Hart.*

For respondent there was a brief over the names of *Mr. William G. Smith* and *Mr. W. H. Maguire,* with an oral argument by *Mr. Smith.*

For defendant Multnomah Motor Company there was a brief over the names of *Mr. W. P. LaRoche* and *Mr. J. B. Ofner.*

RAND, J.—This action was commenced by plaintiff to recover a money judgment against the Multnomah Motor Company, a foreign corporation, hereinafter referred to as the defendant. A writ of attachment was issued and served, together with a notice of garnishment, upon the Lumbermen's Trust Company, a corporation, hereinafter referred to as the garnishee. The garnishee made its return, certifying that it had in its possession $2.12 in an open checking account of the defendant, and that it was holding in escrow the sum of $2,360 which had been delivered to it by defendant pursuant to a contract between the defendant and the Oregon and Washington Railroad Company. The contract under which said fund of $2,360 had been delivered to the garnishee was a contract for the rental by defendant of certain realty situate in the State of Washington and belonging to the said railroad company, with an option upon the part of defendant for the purchase of the same. By the terms of said contract said fund, if certain conditions were complied with by defendant, was to be paid over to the railroad company; otherwise, to be returned to defendant.

While said action was still pending and said fund was so held and had been thus garnished, the same court out of which said writ of attachment was issued made and entered on December 10, 1921, an order containing the following clause:

"It is therefore and hereby ordered that eighteen hundred and sixty ($1,860) of the fund of $2,360 garnished in the hands of the Lumbermen's Trust Company herein be and the same is hereby released from the lien of said attachment and garnishment."

Subsequently, and on the same day, upon being served with a copy of said order and upon demand of

the railroad company, with the consent of defendant, the garnishee paid to the railroad company said sum of $1,860, the amount thus released from garnishment, and retained in its possession the sum of $502.12 only.

On the fifteenth day of March, 1922, an order was made and entered in the same court setting aside its former order and containing the following recital:

"It is ordered that said order (referring to the order of December 10, 1921), be set aside and the same is hereby set aside and held for naught, and the rights of all parties having interest in or lien upon said funds be and they hereby are reinstated as they were before the entry of said order of December 10, 1921."

Subsequently, and on July 3, 1922, plaintiff took judgment against the defendant for the amount demanded in the complaint and an order was made and entered directing the sheriff to levy upon sufficient property of the garnishee to satisfy the sum of $2,362.12, if the garnishee should fail to pay said sum to the sheriff upon demand. The garnishee tendered to the sheriff the sum of $502.12, and appeals from that part of the order requiring it to pay said sum of $1,860 previously paid by it to the railroad company after the same had been released from garnishment as aforesaid.

1, 2. Where a court has power to issue a particular process, of necessity it has the power to quash that process. If, in the exercise of this power, it acts erroneously, a third party will be protected, who, in the absence of fraud or collusion upon his part, has changed his position in reliance upon the erroneous order of the court. This is so obviously true that it requires no citation to support it.

3. The garnishee was a party to the litigation only to the extent that it was made so by virtue of the garnishment. The same court, by the process of which the fund was garnished, released a portion of the fund thus garnished from the garnishment process and left that portion of the fund in the same condition it would have been if no garnishment proceedings had been had. When so released, the released portion of the fund was not subject to the will or discretion of the garnishee, but was held in trust by it to be disposed of according to the directions of the defendant and the railroad company, and when released, if the garnishee had refused upon demand to pay over the sum as directed by the defendant and the railroad company, the holder would have been subject to an action or suit for the recovery thereof. Since it was its duty to pay the same upon the joint order of the defendant and the railroad company, upon its performance it cannot be legally answerable to anyone for its performance of that duty.

For these reasons the judgment and order of the Circuit Court for Multnomah County, in so far as it requires the garnishee to pay over the sum of $1,860, or any part thereof, is reversed, and the cause is remanded to the court below for such proceedings as are not inconsistent herewith.

REVERSED AND REMANDED.   COSTS TAXED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.