## MANDEL v. LOFTON.
### Nos. 1200, 1201.

Municipal Court of Appeals for the District of Columbia.

Argued May 26, 1952.

Decided June 27, 1952.

---

Arthur L. Willcher, Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

Alvin L. Newmyer, Washington, D. C., with whom Newmyer & Bress, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a judgment in favor of a garnishee. Some years before the present proceeding appellant Mandel secured two judgments totaling $450 against one Moskovitz. In January 1950 Mandel issued garnishments on the judgments against appellee Lofton. Lofton answered the garnishments stating that Moskovitz had obtained a judgment for $1,000 against him (Lofton) but he had taken an appeal and the judgment was not final. On these answers Mandel moved for judgment of condemnation against Lofton. Lofton in turn moved to dismiss the garnishments. On April 28 the court entered an order granting the motions to dismiss the garnishments and denying the motions for judgment of condemnation. On May 3 Mandel moved for reconsideration and on June 23 the court reversed its previous ruling and denied the motions to dismiss and granted judgments of condemnation. Lofton then moved to vacate the order of June 23 on the ground that on May 2, after the order dismissing the garnishments had been entered and before the filing of the motion for reconsideration, the judgment against him in favor of Moskovitz had been entered paid and satisfied. Thereafter the court granted a "rehearing" with leave to Lofton to file amended answers to the garnishments and it also set aside the order of June 23 "without reinstatement" of the order of April 28. Lofton then filed amended answers to the garnishments denying that he was indebted to Moskovitz. Mandel traversed the answers and the matter was then heard by another judge of the trial court. On a stipulation of facts substantially as above recited, this judge found in favor of the garnishee and entered judgments accordingly. From those judgments this appeal was taken.

The trial court in a written opinion concluded that the garnishee on receiving notice that the garnishment had been quashed had the right to settle with Moskovitz in the absence of any order of court staying the proceedings or continuing the lien of the garnishment. For reasons hereafter stated, we think the trial court ruled correctly.

In some jurisdictions the question is regulated by statute,[1] but our statutes relating to attachments and garnishments [2] contain no requirement that upon dismissal or quashing of a garnishment the garnishee shall continue to hold the funds during the time permitted for an appeal or for any other time. No case in this jurisdiction has dealt with the precise question but appellant relies heavily on Bryan v. Duncan, 8 Mackey 379, 19 D.C. 379, decided in 1890 by the old General Term of the Supreme Court of the District of Columbia. In that case when the writ of attachment was quashed an appeal was then and there noted which was thereafter successfully prosecuted and the question before the court was "whether or not the garnishee might immediately upon the quashing of the writ, and notwithstanding the appeal, pay over this money in his hands." It was ruled that, "pending the appeal the garnishee was bound to retain the money in his hands." It is readily seen that the above case is quite different from the present. In the instant case no appeal was taken and no motion for reconsideration was filed until after the garnishee had released the credits.

In the present case it is undisputed that at the time payment was made the writ of garnishment had been dismissed and no step had been taken by the garnishor to preserve the garnishment lien. Under such circumstances the general rule, in the absence of a statute to the contrary, is that the order of dismissal extinguishes the lien

1. For cases involving statutes, see Woods v. Brown, 207 Iowa 944, 223 N.W. 868; McDonald v. Bowman, 40 Neb. 269, 58 N. W. 704.

2. Attachment after judgment, Code 1940, 15–301 et seq.; attachment before judgment, Code 1940, 16–301 et seq.

and the garnishee is free to pay the fund immediately to its owner.

In American Nat. Bank of Ft. Smith v. Douglas, 126 Ark. 7, 189 S.W. 161, 163, L.R.A.1917B, 588, the garnishee bank, despite an order dismissing the garnishment, refused to pay the fund to its owner because the attaching party had notified the bank of its intention to appeal, although no appeal had actually been taken. In holding that the bank's refusal to pay was unjustified, the court said:

"In the absence of a statute prescribing that where a judgment had been entered dismissing a writ of garnishment and discharging the garnishee that the garnishee may retain possession of the property of the defendant during the time allowed for an appeal, or until a reasonable time within that period has elapsed for the perfecting of the appeal or filing a supersedeas bond, the garnishee would have no authority under the law, and therefore no right, to deprive the defendant of the possession of his property."

In Stannard v. Youmans, 110 Wis. 375, 85 N.W. 967, 968, it was said:

"It is quite well settled that the discharge of a garnishee by a court of competent jurisdiction releases the equitable lien created by the garnishment, and protects the garnishee in disposing of the property in his hands after such judgment and prior to its reversal upon appeal, unless the lien be continued by proper order or stay of proceedings pending the appeal."

To the same effect as the above authorities are: Hey v. Harding, 78 S.W. 136, 25 Ky.Law Rep. 1454; Ryan Drug Co. v. Peacock, 40 Minn. 470, 42 N.W. 298; Mayo v. George, 31 N.M. 593, 248 P. 885; Quigley v. Multnomah Motor Co., 115 Or. 424, 237 P. 971; Bank of Lind v. Coss, 83 Wash. 151, 145 P. 207; Maxwell v. Bank of New Richmond, 101 Wis. 286, 77 N.W. 149. See also Bank of the United States v. Bank of Washington, 6 Pet. 8, 8 L.Ed. 299.

Our review of the cases convinces us that once a garnishment has been dismissed the lien is extinguished and the garnishee is free to pay the fund to the owner immediately unless some steps have been taken to preserve the lien. Since the garnishee had the right to pay the owner after the order of dismissal, then he likewise had the right after the order was reversed to file an amended answer that he was no longer indebted to the principal debtor.

Affirmed.